UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Reginald Morris, D-1,

    Defendant.

Case No. 24-cr-20048

Hon. Mark A. Goldsmith

---

## Defendant's Motion to Compel Discovery

Defendant moves this Honorable Court to order the government to produce, under a protective order, the documents related to the wiretap warrants targeting subject Derrell Massey for the reasons in the following Brief.

Respectfully submitted,

/s/ *Mark H. Magidson*
Mark H. Magidson (P25581)
Attorney for Defendant Morris
The David Whitney Bldg.
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: July 30, 2024

## Certificate Regarding Concurrence

I certify, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Morris

## Brief in Support of
## Defendant's Motion to Compel Discovery

### Facts

Defendant Reginald Morris is charged with the following counts:

Count 1, conspiracy to distribute and possess with intent to distribute a controlled substance, 21 U.S.C. §§ 846 & 841(a)(1);

Count 2, attempted possession of methamphetamine with intent to distribute, 21 U.S.C. §§ 846 & 841(a)(1);

Count 3, possession of fentanyl with intent to distribute, 21 U.S.C. § 841(a)(1);

Count 5, possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A);

Count 8, possession of a machine gun, 18 U.S.C. § 922(o);

Count 10, possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).  [Indict., ECF No. 1, PageID.1–13.]

This case involves a criminal investigation based upon wiretap warrants for several targeted subjects. The FBI and other government agents obtained a wiretap warrant for target Derrell Massey. Defendant Reginald Morris's telephone calls were intercepted under the wiretap warrant for Massey.

The defense intends to challenge the wiretap warrant targeting Morris. The Affidavit supporting the wiretap warrant against Morris relied on Morris's intercepted calls under the Massey warrant. The defense needs access to the documents related to the Massey wiretap warrant in order to challenge Morris's intercepted calls under the Massey warrant.

**Argument**

The Federal Rules of Criminal Procedure provide that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

"Upon a defendant's request, the government must permit the defendant to inspect and to copy … documents … within the government's possession, custody, or control and … the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).

The materiality of the term "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). "In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (citation omitted).

This case involves the wiretapping of several targeted subjects. One of those targets was Derrell Massey. The government obtained a warrant to wiretap Massey's phone and listen to his calls. Defendant Morris's telephone communications were intercepted under the wiretap warrant targeting Massey.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522, provides for the suppression of all or part of the contents of intercepted wire or oral communications "if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515. *United States v. Gray*, 521 F.3d 514, 521-22 (6th Cir. 2008).

"Any aggrieved person" may move to suppress any "unlawfully intercepted" communication. 18 U.S.C. § 2518(10)(a). An "aggrieved person" as one "who was a party to any intercepted wire, oral, or electronic communication." 18 U.S.C. § 2510(11).

"The words 'unlawfully intercepted' are themselves not limited to constitutional violations," such as a probable cause challenge or a challenge under *Franks v. Delaware*, 438 U.S. 154(1978),but those words also "require suppression where there is failure to satisfy any of [the Title III] statutory requirements. . . ." *United States v. Giordano*, 416 U.S. 505, 527, 94 S. Ct. 1820, 1832 (1974).

Title III requires that "[e]ach application for an order authorizing or approving the interception of a wire … communication" include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This "necessity"

requirement is designed "to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime" and to prevent wiretapping from being "routinely employed as the initial step in criminal investigation."*United States v. Landmesser*, 553 F.2d 17, 19-20 (6th Cir. 1977) (citations omitted).

Title III also requires that the "minimization" requirements of § 2518(5) must be met. Title III requires that surveillance "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). "To warrant suppression for want of proper minimization, defendants must show that monitoring agents exhibited a high disregard for defendants' privacy rights or that they did not do all they reasonably could to avoid unnecessary intrusions."*United States v. Haque*, 315 Fed.Appx. 510 (6th Cir. 2009) (internal quotations omitted).

Morris is an aggrieved person who has standing to challenge the Massey wiretap warrants for constitutional and statutory violations that require suppression. In *United States v. Asker*, 676 F. App'x 447, 454-55 (6th Cir. 2017), the Sixth Circuit Court of Appeals held that the defendant could not challenge or suppress the all of the conversations intercepted under a

wiretap warrant targeting a different subject, but the Court held that he could challenge the one conversation that he was a part of.

Here, the government obtained the wiretap warrant against Morris by relying on the details of two conversations on August 15, 2023 and September 12, 2023 between Morris and target subject Massey that allegedly involved discussions of drug trafficking, and the government relied on hundreds of other calls between Morris and Massey, Joyce, and Thurmond—other individuals intercepted under the Massey wiretap warrant. (Wiretap Affidavit, batch pages 968–972, 975).

The defense has a duty under the Sixth Amendment to the U.S. Constitution to investigate thoroughly to present a defense and challenge the government's evidence. The defense is not fishing, the government explained in its Affidavit supporting the wiretap warrant for Morris that they intercepted his conversations under the Massey warrant; therefore, Morris has standing to suppress those conversations and needs access to the Massey wiretap warrant documents.

The defense intends to move to suppress the evidence against him obtained pursuant to the warrants obtained by the government against him. To make a complete argument challenging the affidavit for the wiretap warrant against Morris, the defense must challenge Morris's intercepted calls

under the Massey warrant, which were relied upon by the government to obtain the wiretap warrant against Morris.

WHEREFORE, Defendant moves this Honorable Court to order the government to produce, under a protective order, the documents related to the wiretap warrants targeting subject Derrell Massey.

Respectfully submitted,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Morris
The David Whitney Bldg.
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
fax (313) 995-9146
mmag100@aol.com

Dated: July 30, 2024

### Certificate of Service

I certify that on July 30, the above Motion was filed with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)

Attorney for Defendant Morris